UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| FOUNDERS INSURANCE COMPANY, | ) |
| Plaintiff, | ) Case No. 4:24-cv-56 |
| v. | ) |
| H R & L INC. d/b/a HOLLEY'S, THOMAS MITCHELL, MARCIA MITCHELL, and LESA MCCLAIN | ) |
| Defendants | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND**

This is an action for declaratory judgment to determine the parties' respective rights and obligations under a liquor liability insurance policy issued by Plaintiff, Founders Insurance Company ("Founders"), to Defendants H R & L Inc. d/b/a Holley's, Thomas Mitchell, and Marcia Mitchell (collectively, "Holley's").

On December 15, 2022, Lesa McClain ("McClain") filed a lawsuit in the Circuit Court of Jasper County Indiana against Codi Holbrook ("Holbrook"), Sean Holbrook and Shannon Holbrook (the "Holbrooks"), and Holley's. McClain alleged that, after an evening of consuming alcoholic beverages at a bar owned and operated by Holley's, she was involved in a "motor vehicle incident" while riding as a passenger in a vehicle operated by Holbrook and in which she sustained personal injuries.

Throughout the course of McClain's lawsuit, Founders has provided a defense to Holley's under a complete reservation of rights. However, discovery in the lawsuit has established unequivocally that McClain's alleged injuries were caused not by a "motor vehicle incident," but

1

by a battery committed by Holbrook when he forcibly pushed her out of his car. Accordingly, Founders now seeks a declaration that it has no duty to defend or indemnify Holly's for the claims asserted in the lawsuit because the Founders policy excludes coverage for injuries caused by an assault and battery.

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 to declare the rights of the parties in a case of actual controversy that exists between them.

2. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1367 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of all fees and costs.

3. At all times material to this action, Founders was an insurance company, incorporated in the State of Illinois, with its principal place of business in Des Plaines, Illinois, and is not an Indiana citizen. Founders was authorized to transact business within the state of Indiana and submits itself to the jurisdiction and venue of this Court for purposes of this case only.

4. At all times material to this action, Holley's was a for-profit corporation, Incorporated in the State of Indiana, with a principal place of business in DeMotte, Indiana and was doing business in Indiana. As such, it is a Citizen of the State of Indiana.

5. Thomas Mitchell and Marcia Mitchell were and/or are principals of Holley's and are Citizens of Demotte, Indiana.

6. At all times material to this action, McClain was a citizen of Demotte, Indiana.

7. A substantial part of the events or omissions giving rise to the claims described herein occurred in this District so that venue in this District is proper based on 28 U.S.C. § 1391(a)(2).

## FACTUAL BACKGROUND

### The Underlying Action

8. On or about December 15, 2022, McClain filed a civil action captioned *Lesa McClain v. Codi G. Holbrook, et al.,* Cause Number 37C01-2212-CT-001125, in the Jasper County Circuit Court in Rensselaer, Indiana (the "Underlying Lawsuit"). She filed an amended complaint on January 23, 2023, which remains operative. *See* **Exhibit 1** (Amended Complaint and Jury Demand).

9. McClain alleges in the Underlying Lawsuit that on May 6, 2022, she was involved in a "motor vehicle incident" while riding as a passenger in a vehicle operated by Holbrook and sustained personal injuries. *Id*. at ¶¶ 5, 25.

10. Specifically, McClain alleges that Holbrook negligently and/or recklessly operated the motor vehicle in a manner that resulted in her being "improperly removed or otherwise ejected from the vehicle" on property owned by the Holbrooks, who are Holbrook's parents. *Id*. at ¶¶ 9, 16.

11. McClain further alleges that, prior to the "motor vehicle incident" on the night in question, she and Holbrook were patrons at Holley's and consumed alcoholic beverages. *Id*. at ¶¶ 23, 25. She claims that Holley's continued to serve alcoholic beverages to Holbrook even after he became visibly intoxicated, agitated, and confrontational. *Id*. at ¶¶ 26-28.

12. McClain asserts four causes of action in the Underlying Lawsuit: "negligence/recklessness" (Count I) and "battery" (Count IV) against Holbrook; "premises

liability-negligence/recklessness" (Count II) against the Holbrooks on the basis that McClain's injuries occurred on their property; and violation of the Indiana Dram Shop Act (Ind. Code 7.1-5-10-15) (Count III) against Holley's. The single additional allegation for McClain's battery claim is that Holbrook "knowingly or intentionally touch[ed] [McClain] in a rude, insolent, or angry manner resulting in serious bodily injury." *Id.* at ¶ 38.

13. As set forth in a coverage position letter to Holley's dated February 1, 2023, Founders agreed to defend Holley's in the Underlying Lawsuit subject to a complete reservation of rights, and Founders has done so since that time, incurring substantial legal fees and expenses. *See* **Exhibit 2**.

<u>Evidence Developed Through Discovery in the Underlying Lawsuit</u>

14. Despite alleging in the complaint that her injuries were caused by Holbrook's negligent operation of his motor vehicle, the evidence developed through discovery in the Underlying Lawsuit demonstrates that, in fact, McClain's alleged injuries occurred when Holbrook pushed her of his vehicle while the vehicle was parked.

15. Holbrook was deposed on October 23, 2023. McClain was deposed over the course of two days on February 8, 2024 and March 27, 2024. Both witnesses testified under oath consistently and unambiguously that Holbrook pushed McClain out of his parked car after drinking at Holley's on the night in question. *See* **Exhibit 3** (Deposition of Codi Holbrook) at pp. 33-35, and **Exhibit 4** (Deposition of Lesa McLain, Vol. 1) at pp. 33-34.

16. Holbrook also testified that the police came to his residence on the night in question and arrested him after he told officers that he pushed McClain out of his vehicle. **Exhibit 3** at p. 51.

17. McClain testified that Holbrook inflicted a "huge blow" to her ribcage, which propelled her out of the car, and that Holbrook "shoved [her] out of the car and [she] landed on her head." **Exhibit 4** at pp. 38, 130. She alleges to have sustained head and eye injuries from making contact with the frame of Holbrook's vehicle and, subsequently, the ground.

18. McClain's answers to interrogatories are consistent with her deposition testimony as to the cause of her injuries. Asked to "state her version, in detail, as to how [she] contend[s] that the events that form the basis of [her] Complaint occurred," she responded in pertinent part as follows.

> [Holbrook] told her to get out of his car, Plaintiff stated [she] wanted to finish her cigarette first and that is when [Holbrook] attempted to eject the Plaintiff from the vehicle smacking the right side of her face injuring her eye while inside the vehicle before she realized what had happened he pushed the Plaintiff in her right ribcage inside of the vehicle to eject her from his vehicle. The Plaintiff landed outside of the vehicle on the ground headfirst on the right side.

See **Exhibit 5** (Answers to Interrogatories).

19. Founders issued a Supplemental Reservation of Rights Letter to Holley's on June 14, 2024 advising Holley's that (a) Founders' investigation had revealed that McClain's alleged injuries arose out of an assault and battery; (b) injuries arising from an assault and/or battery are excluded from coverage under the Founders policy, and (c) Founders intended to pursue a declaratory judgment action to determine Founders' obligation, if any, to provide defense and/or indemnification for the loss to Holley's. See **Exhibit 6.**

The Founders Policy

20. Founders issued Indiana Liquor Liability Policy No. 2022005933 to Holley's (the "Founders Policy"). This is an occurrence-based policy with a policy period of April 29, 2022 to April 29, 2023. The Policy has a combined single limit of $1 million per

5

occurrence and an aggregate limit of $2 million.   A copy of the Policy is attached hereto as **Exhibit 7**.

21. The Founders Coverage Form (IN-CSL 12-07) provides (with emphasis supplied) as follows.

### SECTION I – LIQUOR LIABILITY COVERAGE

**1.   Insuring Agreement**

- We will pay those sums that an "insured" becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on an "insured" by reason of the selling, serving, or furnishing of any alcoholic beverage; and

- We will defend an "insured" against any "suit" seeking those damages.

The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III). No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under <u>Supplementary Payments</u> (Paragraph 3 below).

We have no duty to defend an "insured" against any "suit" seeking damages for "injury" to which this insurance does not apply. We have the right to investigate any "injury," control the defense of any claim or "suit" that may result, and settle any such claim or "suit." Our right and duty to defend ends when we have exhausted the applicable limit of insurance in the payment of damages.

Subject to <u>Exclusions to Coverage</u> (Paragraph 2 below), this insurance applies to "injury" only if the "injury" occurs as a direct result of an "insured" selling, serving, or furnishing alcoholic beverages on the "insured premises" during the policy period.

22. The Policy also contains the following pertinent exclusion (with emphasis supplied).

**2.   Exclusions**

This insurance does not apply to:

. . .

k.   Assault and/or Battery

"Injury" arising from:

16029\321760748.v1

    (1)    Assault and/or battery committed by any "insured", any "employee" of an "insured", or any other person;

    (2)    The failure to suppress or prevent assault and/or battery by any person in subparagraph k.(1) above;

    (3)    The selling, serving or furnishing of alcoholic beverages which results in an assault and/or battery; or

    (4)    The negligent:
        (a) Employment;
        (b) Investigation;
        (c) Supervision;
        (d) Reporting to the proper authorities, or failure to so report; or
        (e) Retention

of or by a person for whom any "insured" is or ever was legally responsible and whose conduct would be excluded by subparagraphs k.(1) through k.(3) above.

23. The Policy contains the following definitions.

### SECTION V – DEFINITIONS

1. "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death and loss of society, companionship, and consortium to others resulting from any of these at any time.

. . .

4. "Injury" means all damages, including damages because of "bodily injury," "property damage," and "loss of support."

### COUNT I - DECLARATORY JUDGMENT
**(No Coverage Due to Policy Exclusion)**

24. Founders repeats and realleges the allegations contained in paragraphs 1-22 as if fully restated herein.

25. An actual and bona fide controversy exists between Founders, on the one hand, and Holley's, on the other hand, as to whether the Policy requires Founders to defend and indemnify Holley's in the Underlying Lawsuit.

26. McClain is a party whose interests may be affected by the present litigation.

7

16029\321760748.v1

27. The Founders Policy provides coverage only for "sums that an 'insured' becomes legally obligated to pay as damages because of 'injury' to which this insurance applies." **Exhibit 7**, Section I, 1.

28. The Founders Policy excludes coverage for "injury" arising from assault and/or battery "committed by … any … person," the "failure to suppress or prevent assault and/or battery," or "the selling, serving or furnishing of alcoholic beverages which results in an assault and/or battery." *Id.* at Section I, 2(k).

29. Amy injuries sustained by McClain were caused by a battery committed by Holbrook when he allegedly pushed McClain out of his parked vehicle.

30. The plain, unambiguous language of the Policy excludes coverage for all claims alleged by McClain in the Underlying Lawsuit, including all damages for injuries arising out of Holbrook's alleged actions.

31. Accordingly, there is no coverage available to Holley's under the Policy for the claims asserted in the Underlying Lawsuit, and Founders owes neither a duty to defend nor indemnify Holley's in that suit.

WHEREFORE, Founders Insurance Company respectfully requests that this Court enter judgment as follows:

(1) declaring Founders has no duty to defend or indemnify H R & L Inc. d/b/a Holley's, Thomas Mitchell, and/or Marcia Mitchell for the claims asserted by McClain in the Underlying Lawsuit;

(2) declaring that Founders may withdraw its representation of Holley's in the Underlying Lawsuit upon reasonable notice to Holley's;

(3) declaring that Founders is entitled to recoup the defense costs it has incurred from June 14, 2024 to the present and entering judgment for Founders against Holley's in the amount of said costs; and

(4) Any other relief this Court deems just and proper.

## JURY DEMAND

FOUNDERS CLAIMS A TRIAL BY JURY OF ALL FACTS, ISSUES, AND CLAIMS SO TRIABLE.

    Respectfully submitted,
    HINSHAW & CULBERTSON LLP

By: /s/ *Jennifer Kalas*
    Jennifer Kalas (17396-64)
    Patrick P. Devine (19075-45)
    jkalas@hinshawlaw.com
    pdevine@hinshawlaw.com
    322 Indianapolis Blvd., Suite 201
    Schererville, IN 46375
    219-864-5051
    Counsel for Plaintiff, Founders Insurance Company

Michael J. Rossi
Conn Kavanaugh Rosenthal
Peisch & Ford, LLP
One Federal Street, 15th Floor
Boston, MA  02110
617-348-8215
MRossi@connkavanaugh.com